23 F.3d 395
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Morgan RIVERA-PEREZ, Defendant, Appellant.
 No. 93-2354
 United States Court of Appeals,
First Circuit.
 April 28, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge ]
 David W. Roman on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles- Espinosa, Senior Litigation Counsel, and Miguel A. Pereira, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Torruella, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Morgan Rivera-Perez pled guilty to one count of mail fraud, and aiding and abetting, in violation of 18 U.S.C. Secs. 2, 1341. Prior to sentencing, the government filed a motion requesting a downward departure pursuant to U.S.S.G. Sec. 5K1.1. The district court declined to depart downward and sentenced appellant to twenty-four months imprisonment, the top end of the applicable guidelines sentencing range.[1] This appeal ensued.
 
 BACKGROUND
 
 2
 On July 22, 1992, appellant was the subject of a four count indictment charging him, and three co-defendants, with engaging in a scheme to defraud $1,401,000 from an insurance corporation. On October 8, 1992, appellant pled guilty to Count II of the indictment pursuant to a plea agreement with the government. The plea agreement provided that the relevant conduct for purposes of calculating the guidelines sentencing range would be limited to the amount of loss to which the defendant pled guilty ($322,000.00).[2] The agreement further provided that the government would be willing to consider future truthful cooperation by appellant in determining whether to move the district court for a downward departure pursuant to U.S.S.G. Sec. 5K1.1.
 
 
 3
 On August 5, 1993, appellant appeared before the district court for the imposition of sentence. At that time, the government filed a motion requesting a downward departure pursuant to Sec. 5K1.1. In its motion, the government detailed not only the assistance provided by appellant in prosecuting the particular scheme for which he was indicted, but also his assistance in investigating other offenses. The district court declined to depart downward. In support of its decision, the district court stated:
 
 
 4
 Granting the value of his past and future cooperation, it is generally recognized that the Court need not reward defendant for his cooperation if such defendant has already received the benefit of that cooperation through a plea agreement. Such was the case here where defendant Rivera charged with serious fraudulent conduct obtained a three level reduction of his offense level upon agreeing in the plea agreement that the base offense level be calculated on the basis of the three hundred twenty- two thousand dollars which he received, and not on the basis of the total lose [sic] to the victim of one million four hundred and one thousand as a result of the scheme of which he was a principal participant in a criminal venture of considerable magnitude. To depart downward given the circumstances of this case would serve only to trivialize defendant's criminal wrongdoing, and would defeat the deterant [sic] effect a sentence would have on others. Accordingly, the government's motion for downward departure is denied.
 
 DISCUSSION
 
 5
 An appeal will not lie from a district court's refusal to depart from a properly calculated sentencing range unless the failure to depart stemmed from the sentencing court's mistaken impression that it lacked the legal authority to depart or, relatedly, from the court's misapprehension of the rules governing departure. See, e.g., United States v. McAndrews, 12 F.3d 273, 276 n. 2 (1st Cir. 1993); United States v. Amparo, 961 F.2d 288, 292 (1st Cir.), cert. denied, 113 S. Ct. 224 (1992). Appellant attempts to fit within the exception by arguing that the district court's departure decision reflected a misunderstanding of the guidelines. We disagree.
 
 
 6
 In United States v. Mariano, 983 F.2d 1150, 1157 (1st Cir. 1993), we stated that a district court may decide to forgo a Sec. 5K1.1 downward departure on the basis of considerations "not constitutionally proscribed." Contrary to the position urged by appellant, there was nothing improper in the district court declining to depart downward from the applicable guideline sentencing range on the grounds that a lesser sentence would trivialize appellant's wrongdoing and fail to have a deterrent effect. Indeed, such considerations are perfectly consistent with the purposes of the sentencing system which include "the need for the sentence imposed 'to promote respect for the law,' and 'to afford adequate deterrence to criminal conduct.' " United States v. Smith, 14 F.3d 662, 666 (1st Cir. 1994) (quoting from 18 U.S.C. Sec. 3553(a)(2)(A) & (B)).
 
 
 7
 Appellant's remaining argument boils down to the contention that the district court erred in thinking that he sought a double benefit-the three level reduction in relevant conduct which resulted from his plea agreement and an additional Sec. 5K1.1 downward departure-for the same cooperation. Appellant argues that he did not seek a double benefit since the reduction in relevant conduct was based on his initial assistance to the government and the Sec. 5K1.1 motion was based on further assistance rendered. Assuming without deciding that we have jurisdiction to review this claimed error, we disagree that the district court's comments at sentencing reflected any fundamental misunderstanding. The district court duly considered the value of appellant's "past and future" cooperation with the government.[3] The court concluded, however, that in light of the seriousness of the crime and the substantial sentencing benefit the appellant had already received, no additional benefit was warranted. This decision was well within the district court's discretion.
 
 
 8
 The judgment below is affirmed. See 1st Cir. R. 27.1.
 
 
 
 [1]
 The district court also imposed a supervised release term of three years, restitution in the amount of $275,000, and a special monetary assessment of $50.00
 
 
 [2]
 The limitation in relevant conduct resulted in a net total offense level under the guidelines which was three levels below what it otherwise would have been
 
 
 [3]
 Where, as here, the district court declined to depart from the applicable guideline range, it was not required to make specific findings regarding such factors as the degree, efficacy, timeliness, and circumstances of appellant's cooperation with the government. Accordingly, we reject appellant's suggestion that the court's failure to do so indicates that it did not properly consider these factors